# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAFFIX USA INC., | Case No. 1:22-cv-00181-JLT-SAB |
| Plaintiff, | ORDER GRANTING MOTION FOR EXTENSION OF DEADLINE FOR PARTIES TO FILE DISPOSITIONAL DOCUMENTS |
| v. | |
| JB HUNT TRANSPORT SERVICES, INC., et al., | (ECF Nos. 24, 25) |
| Defendants. | **DEADLINE: AUGUST 26, 2022** |

Dispositional documents are due in this matter on August 11, 2022. (ECF No. 24.) On August 9, 2022, a stipulation was filed requesting the deadline to file dispositional documents be extended until August 26, 2022. (ECF No. 25.)

In the filing, Plaintiff's counsel declares that there are issues with the settlement that need to be resolved; such issues cannot be addressed in this case because of the Court's assertion that it will not enforce the settlement; and unless the Court is willing to entertain a motion to enforce the settlement, a new lawsuit has to be filed, which Plaintiff is prepared to do. (Decl. Miles Kavaller ("Kavaller Decl.") ¶ 2, ECF No. 25-1.) Counsel also proffers that the stipulation is not signed by Defendant Jose Ortiz who is appearing *pro se*; that counsel has been communicating with Mr. Ortiz's daughter, Ms. Gonzalez; Mr. Ortiz recently suffered injuries in a recent truck accident and is living in Mexico; "believes his worry and concern over this lawsuit caused his truck accident"; and Ms. Gonzalez has not agreed to the stipulation yet. (Kavaller Decl. ¶ 3.) Additionally, counsel proffers that despite there being a settlement between Plaintiff, Defendant

1

Traffix USA, and Defendant JB Hunt, JB Hunt has refused to deliver the settlement funds without Mr. Ortiz's agreement and signature on the release already executed by Plaintiff in the form drafted by JB Hunt, which did not mention Mr. Ortiz or his signature. (Id.)[1]

Counsel requests the Court grant the request for an extension of the deadline to file dispositional documents despite the lack of signature from Mr. Ortiz. The Court shall grant the extension of time based on good cause.

As for counsel's statement that unless the Court is willing to entertain a motion to enforce the settlement, a new lawsuit has to be filed, the Court never stated it would not adjudicate a motion to enforce a settlement in a case pending before the Court. Such motions are appropriately before the Court in a pending action. If a party believes that a binding settlement has been reached, but the other side disagrees or refuses to acknowledge a settlement or otherwise refuses to perform, then the appropriate course is indeed to file a motion to enforce settlement. Courts have the power to enforce settlements that have been reached in the cases pending before them. See Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987); Dacanay v. Mendoza, 573 F.2d 1075, 1078 (9th Cir. 1978) ("[I]t is equally well settled in the usual litigation context that courts have inherent power summarily to enforce a settlement agreement with respect to an action pending before it; the actual merits of the controversy become inconsequential.").

The Court's July 20, 2022 order, which stated once the terms of a settlement agreement are finalized and the settlement agreement is signed by the parties, the Court does not retain jurisdiction to oversee that the parties comply with the terms of the settlement agreement, pertains to the general rule that, absent an appropriate request from the parties—such as a motion to enforce the settlement, set aside the settlement, or to retain jurisdiction, as discussed above— once the parties have notified the Court they have reached a settlement, they must timely file dispositional documents thereafter. Thus, the Court generally does not retain jurisdiction after a notice of dismissal is filed, unless a specific request is made, and the Court specifically retains

---

[1] Although the same counsel represents other Defendants Costco Wholesale Corporation, and ACE Hardware Corporation, the signature line for defense counsel only references JB Hunt, and Plaintiff's declaration omits reference to these parties in regard to settlement or dispositional documents.

jurisdiction in an order of dismissal.  As the Supreme Court explained:

> The dismissal in this case issued pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), which provides for dismissal "by filing a stipulation of dismissal signed by all parties who have appeared in the action," and causes that dismissal to be with prejudice if (as here) the stipulation so specifies. Neither the Rule nor any provision of law provides for jurisdiction of the court over disputes arising out of an agreement that produces the stipulation. It must be emphasized that what respondent seeks in this case is enforcement of the settlement agreement, and not merely reopening of the dismissed suit by reason of breach of the agreement that was the basis for dismissal. Some Courts of Appeals have held that the latter can be obtained under Federal Rule of Civil Procedure 60(b)(6). See, *e.g., Keeling v. Sheet Metal Workers Int'l Assn.,* 937 F.2d 408, 410 (CA9 1991); *Fairfax Countywide Citizens Assn. v. Fairfax County,* 571 F.2d 1299, 1302–1303 (CA4 1978). But see *Sawka v. Healtheast, Inc.,* 989 F.2d 138, 140–141 (CA3 1993) (breach of settlement agreement insufficient reason to set dismissal aside on Rule 60(b)(6) grounds); *Harman v. Pauley,* 678 F.2d 479, 480–481 (CA4 1982) (Rule 60(b)(6) does not require vacating dismissal order whenever a settlement agreement has been breached). Enforcement of the settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.

Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994).  As noted therein, the Ninth Circuit has also recognized a limited ability to enforce a settlement through Federal Rule of Civil Procedure 60(b)(6), under extraordinary circumstances.  See Keeling v. Sheet Metal Workers Int'l Ass'n, Loc. Union 162, 937 F.2d 408, 410 (9th Cir. 1991) ("In the usual course upon repudiation of a settlement agreement, the frustrated party may sue anew for breach of the agreement and may not, as here, reopen the underlying litigation after dismissal . . . [t]he district court did not reach the fraud allegations but characterized the course of events as sufficiently extraordinary to grant the union's requested relief [under Rule 60(b)(6)].").

In sum, the Court may entertain a motion to enforce a settlement in a case that is still pending before it.  This Court generally declines requests to retain jurisdiction following dismissal, absent a specific request and showing of good cause, and subsequent order retaining jurisdiction.  See Kokkonen, 511 U.S. at 378.  Plaintiff may file an additional request to extend the deadline to file dispositional documents, if needed to file a motion to enforce the settlement prior to this action being dismissed.

Accordingly, it is HEREBY ORDERED that:

1. The motion to extend the deadline to file dispositional documents is GRANTED; and

2. The parties shall file dispositional documents no later than **August 26, 2022**.

IT IS SO ORDERED.

Dated: **August 10, 2022**

UNITED STATES MAGISTRATE JUDGE